The cause was submitted to the court, without argument.

ALBANY,
August, 1812.

MURRAY
v.
KELLOGG.

⟶⟣⟢⟵

MURRAY AND OTHERS *against* KELLOGG.

IN ERROR, on *certiorari,* from the justices' court of the city and county of *New-York.*

*Kellogg,* the defendant in error, brought an action of *assumpsit* against *Murray, Lyman & Ogden,* the plaintiffs in error, in the court below, for wages due to him as a seaman on board the ship *Rolla,* owned by the plaintiffs in error, on a voyage from *New-York* to *Archangel,* in *Russia.* The plaintiff below also declared for a breach of the shipping articles.

On the trial of the cause, the shipping articles not being produced, pursuant to a notice given to the defendants for that purpose, parol evidence was given of their contents.

A seaman signed articles for a voyage, as he understood, and as it was represented by the master, from *New-York* to *Archangel,* and back to *New-York,* though the articles were, in fact, for a voyage from *Middletown, Connecticut,* to any port or ports in *Europe,* for three

years, and back to the *United States.* The vessel went from *New-York* to *Sicily, Sardinia* and *Messina,* at which places she disposed of her outward cargo, and took in a load of salt at *Messina,* where she lay 7 months, during most of which time the captain was absent. She left *Messina* for *Gottenburgh,* and was captured off *Minorca* by a *French* privateer, and carried into *Tobago,* in *Africa,* and there condemned and sold.

The seaman, on his return to the *United States,* brought an action against the owners, to recover his whole wages, and for a breach of the shipping articles. It was held that he was entitled to wages, at *Messina,* and during the stay there, the detention being the act of the captain; but not from *Messina,* that being on a new intermediate voyage, and the capture put an end to the *freight* as well as *wages* for that voyage; and where the wages were allowed in an inferior court up to the capture, the court refused to reverse the judgment on that account, the excess being trifling, and no evidence as to the time between the departure from *Messina* and the capture, and some evidence of collusion between the master and captors.

The plaintiff proved that the defendants were owners of the ship; that he shipped on board, the 2d of *May*, 1809, and signed the usual shipping articles for a voyage from *New-York* to *Arch-angel*, in *Russia*, and back again to the port of *New-York*, at the wages of twenty-two dollars per month. The vessel sailed from *New-York*, but, without any assigned cause, went to *Sicily*, thence to *Sardinia*, and thence to *Messina*. She disposed of all her cargo at those places, excepting about 20 hogsheads of tobacco, and some sugar, and, at *Messina*, took in a cargo of salt. The vessel lay near 7 months at *Messina*, during the greater part of which time the master was absent, having been to *Leghorn*. The vessel left *Messina*, bound, as was said, to *Gottenburgh*, but, when nearly off *Leghorn*, she was captured by a privateer, and carried into *Tobago*, in *Africa*; and, as was to be inferred from the evidence of one of the plaintiff's witnesses, with the connivance of the master of the *Rolla*. The vessel and cargo were condemned at *Tobago*, and sold to the Bey of *Tunis*. The vessel was captured the 26th *April*, 1810, and the plaintiff arrived at *Boston* in *April*, or *May*, 1811. The captain told one of the witnesses that the plaintiff had shipped to go to *Archangel*, and back to *New-York*, and the witness signed the articles on this representation. He asked to read the articles, but one of the defendants said it was unnecessary, as that was the voyage; and it did not appear that the plaintiff read them.

On the part of the defendants, a witness testified, that he was on board the *Rolla*, during the voyage, which was described in the articles to be from *Middletown*, in *Connecticut*, to any port or ports in *Europe*, and the seamen shipped for the term of *three* years, and then back to the *United States*. The plaintiff signed the articles, and received a month's wages in advance, and received some money also in *Sicily* and *Sardinia*. The vessel was captured by a *French* privateer off *Minorca*.

The court below gave judgment for the plaintiff for 190 dollars, being the amount of wages due to the plaintiff up to the time of the capture, after deducting the money he had received.

The cause was submitted to this court, without argument.

*Per Curiam.* The wages of the outward voyage were due at *Messina*, because freight was earned by the delivery of the outward cargo. The return states that the whole of the outward cargo was disposed of, " excepting about 20 hogsheads of tobacco, and some sugar."

The only question in this case is, whether the recovery was not for too much, as wages were allowed up to the time of the capture. The ship lay seven months at *Messina.* What was the cause of this enormous delay does not appear. It is chargeable to the act of the captain, for he was absent nearly the whole of that time, and the seamen were not to lose their wages in such a case. The ship sailed from *Messina,* with a cargo of salt, and, as it was said, for *Gottenburgh.* This was a new intermediate *European* voyage ; and, without imputing fraud to the captain, the capture put an end to the wages, as well as the freight arising upon this voyage. Perhaps it would be rigorous, and unreasonable, to deduce, from the loose testimony upon that point, a collusion between the master and the commander of the privateer ; and if not, then wages were not to be allowed after the departure from *Messina.*

How much time elapsed between the departure and the capture does not appear. It may not have been three days, and for such a small and trifling excess in the damages, the judgment ought not to be reversed. If the capture was from concert and arrangement, the wages were clearly due up to the time of the capture, if not until the seamen could return to the *United States.*

Judgment affirmed.